## Philadelphia v. Goetz

*Karl I. Schofield*, assistant city solicitor, for City of Philadelphia.

*Lester S. Hecht*, for defendant.

GUERIN, J., March 14, 1950.—The within claim was filed by the City of Philadelphia on December 8, 1941, for excess water rents for the years 1928 to 1934 inclusive. The case was heard by a judge without a jury. At the trial counsel for plaintiff informed the court that the claim for the years 1928 and 1929 had been stricken off, on defendant's motion heretofore filed, but the motion was denied as to the years 1930 to 1934 inclusive.

The premises in question were conveyed to defendant by duly recorded deed, dated December 26, 1933, at which time there was no claim filed of record against the premises for water rents.

It was expressly stated by counsel for plaintiff that the lien was filed pursuant to the Act of July 28, 1941, P. L. 542, it being conceded that the claim had not been filed before the last calendar day of the third year after which said rentals became payable, as required by the Municipal Claims Act of May 16, 1923, P. L. 207, 53 PS §2029.

Defendant urges that the claim for the years 1930 to 1933, inclusive, may not be maintained because of the provision of the Act of 1941, supra, as follows:

"Provided, however, that the lien of any such claim or judgment shall not attach or reattach against any real estate transferred to any purchaser before such claim is filed or during the time when the lien of any such tax or municipal claim or judgment was lost, . . .".

Defendant does not contend that he comes within the latter part of the proviso, since the transfer to him was not made "during the time when the lien . . . was lost". Even the oldest lien, that for 1930, was not "lost" at the date of the transfer to defendant, December 26, 1933, though it was "lost" five days thereafter.

It is clear from the reading of the proviso that the legislature imposed *two* conditions upon the revival of lost liens, first, they may not be revived against real estate transferred to a purchaser *before the claim is filed,* or secondly, (against real estate transferred to a purchaser) during the time the lien was lost. If we were to sustain the validity of this lien for the years 1930 to 1933 inclusive, we would render meaningless the first half of the proviso. A "transfer" had been made before this claim was filed on December 8, 1941. To hold otherwise would in effect limit the protection of the saving clause of the Act of 1941 to those cases where the transfer had been completed during the time the lien was "lost". It is quite obvious that the only time a transfer can be made, other than when a lien is lost, is the period between the date the water rents became payable and the last calendar day of the third year thereafter. Any other transfer would be in the "lost" period.

To give effect, therefore, to the language of the entire proviso of the Act of 1941, we hold that the lien

is invalid for the years 1930 to 1933 inclusive, and we find a verdict for defendant as to that portion of plaintiff's claim.

Defendant concedes that the lien for the year 1934 was validly revived, but questions the amount thereof, $112.88, on the ground that the amount was based upon an estimate of the water used on the premises during the period between January 31, 1933, and April 23, 1934, when the meter in the property was not registering. On the latter date the meter was reset by the water bureau, and a reading was taken on June 1, 1934. This showed an average consumption of 587 cubic feet per day, which average was used to determine the consumption during the prior period when the meter was not registering.

The records of the water bureau indicated, with respect to the premises in question, that leaks had been reported in September 1931, May 1932, July 1932, and that on January 31, 1933, the yard hydrant had been kept running to prevent freezing.

The agent for defendant testified that he received the 1934 bill and went to the water bureau, where he made a complaint, but it did him no good. He did not state when he received the bill and made his complaint, and no evidence was offered of a filing of an official or recorded complaint.

We do not deem it necessary, however, to determine whether or not defendant at this time *may* question the amount of the 1934 bill. From all the evidence in the case, we find that the estimated bill of $112.88 was properly and fairly computed. The charge was based upon an actually recorded usage, indicated by a tested meter, during May, a month in which it may safely be assumed an unusual amount of water would not be used. Applying such a standard to premises having the history of leakage and wastage of water

as has this property, we are led to the conclusion that defendant has been benefitted rather than prejudiced.

We therefore find a verdict for plaintiff in the sum of $112.88.

The prothonotary will forthwith give notice of this adjudication to the parties or their attorneys, and that if exceptions are not filed thereto within four days of the receipt of said notice, judgment will be entered by him as of course in accordance therewith.